# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANDRE L. PAUL,

    Plaintiff,

vs.                              Case No. 4:12cv305-RS/CAS

WELLS FARGO BANK, N.A., et al.,

    Defendants.

                                    /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a second amended complaint, doc. 13. Plaintiff's second amended complaint has been reviewed, and because Plaintiff has not corrected the deficiencies previously pointed out to him in prior orders, docs. 6, 10, and 12, providing another opportunity to amend the complaint is unnecessary. The second amended complaint should be dismissed for lack of jurisdiction and because this action is barred by the *Rooker-Feldman* doctrine.

    Plaintiff previously stated that he sought to quiet the title to certain real property located in Gadsden County, Florida, and to obtain a declaratory judgment that Plaintiff alone owns the property and to forever enjoin the Defendants "from asserting any estate, right, title, or interest in the Subject Property." Doc. 11 at 1-4. Plaintiff now

presents this case as an effort to have "Defendants to return the Genuine Original Promissory Note . . . recently unlawfully confiscated through a fraudulent judicial foreclosure procedure that was based on the felonious acts of filing false and/or forged documents in a Florida public office . . . ." Doc. 13 at 1. It is clear that Plaintiff challenges the foreclosure of real property because he contends Defendants are not the "True Creditor and Holder in Due Course" of the "Deed of Trust and Genuine Original Promissory Note at the time Defendants forecloses." *Id.* at 3. Plaintiff claims he is the true owner of the real property and the foreclosure proceeding was unlawful and fraudulent. *Id.* at 3-4.

Plaintiff has twice been ordered to submit an amended complaint in which Plaintiff states when any of the events took place which form the basis for this case. Docs. 4 and 12. Plaintiff has still failed to provide any date of any act or omission by Defendant. Moreover, Plaintiff has been ordered several times that he has not shown diversity jurisdiction exists "because Plaintiff and at least one Defendant are alleged to be citizens of the same state." Doc. 4 at 2; doc. 10; doc. 12 at 1-2.

Plaintiff's second amended complaint is also still deficient because Plaintiff does not demonstrate that he is diverse from every other Defendant named in the complaint. Plaintiff was previously directed that he must provide an address for each Defendant named so the Court could determine that diversity jurisdiction exists. Plaintiff has failed to comply. In Plaintiff's second amended complaint, doc. 13, Plaintiff alleges that Defendant Wells Fargo Bank is a "Corporation authorized to do and is doing business in the States of Florida." *Id.* at 11. Plaintiff further alleges Defendant Chase Home Finance is a "Corporation authorized to do and is doing business in the States of

Florida." *Id.* Plaintiff then contends that another Defendant is a Delaware Corporation, but then lists Defendant R.K. Arnold and fails to identify that Defendant's citizenship. Plaintiff also continues to list ten John Doe Defendants without providing any information on their citizenship.

This Court has diversity jurisdiction over this action only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). It is Plaintiff's burden to allege, with sufficient particularity, those facts which create jurisdiction.[1] Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000) ( other citations omitted). Plaintiff has been on notice since July 2012 that he must allege facts which demonstrate diversity jurisdiction exists. *See* doc. 6. Plaintiff has not complied and, thus, because it does not appear that this Court has subject matter jurisdiction over this case, it should be dismissed.

Even if Plaintiff had shown that every Defendant, including the John Doe Defendants were diverse, this case still could not proceed as Plaintiff may not seek to overturn a decision of a state court in this Court. The *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that

---

[1] Plaintiff was ordered to "submit a second amended complaint that clearly demonstrates diversity jurisdiction exists by identifying each Defendant and providing addresses for each named Defendant." Doc. 12. Plaintiff did not comply.

Case No. 4:12cv305-RS/CAS

the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2654, 129 L.Ed.2d 775 (1994), *quoted in* Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1330 (11th Cir. 2010). Plaintiff's claim is that Defendants have committed false and forged documents "to capture rights to judicially fore close [sic] on Plaintiffs' real property(ies)." Doc. 13 at 14. It would appear that Plaintiff is attempting to overturn the foreclosure order, although Plaintiff has not clearly stated that an order has been entered because Plaintiff has not provides any dates on which any event took place. Plaintiff may not overturn a foreclosure in federal court. If his case is still pending in state court, then Plaintiff's avenue of redress is to file an appeal in state court should he not prevail. This Court, however, may not interfere with a pending foreclosure, nor may this Court consider Plaintiff's claim that the foreclosure proceeding was fraudulent and overturn a final order.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 13, be **DISMISSED** for failure to comply with court orders to amend his complaint, failure to state a claim upon which relief may be granted, failure to demonstrate subject matter jurisdiction, and because Plaintiff's claim to overturn a foreclosure is barred by the *Rooker-Feldman* doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on November 14, 2012.

                                         S/ Charles A. Stampelos
                                         **CHARLES A. STAMPELOS**
                                         **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv305-RS/CAS